Chief Justice Boyle
delivered the Opinion of the Court.
G. W. Bruce, being tenant for a term of years, of a salt making establishment at the Little Sandy Salt works, under a lease granted to him and William Montgomery, by Valentine Peers, as agent for H. Carter, sold the same, together with alt the improvements, such as wells, pump-houses, pipes, and buildings of all descriptions, which he then occupied, to H. & N. Halbert, and agreed to furnish them with all the good salt kettles in his possession, and sundry other enumerated articles of personal property, “all of which property was to be valued “ by disinterested men, and the same amount in “ similar property to be returned at the end of said “ lease, on the same principles of a lease granted “by D. L. Ward to Moses Kibby and Thomas “ Scott; and the saidH. &N. Halbert bound tbem- “ selves to pay to Bruce, in the same manner, and “the same, amount in proportion to the property by “ them purchased, as the said Kibby and Scott, “ are bound to pay to Ward in the lease referred to, “ except as to the times of payment which were to “be the same as those in which Bruce was bound “ to make payments to Peers, in thelease from him “ as agent of H. Carter.”
Both parties executed articles of agreement containing these stipulations.
On these articles, Bruce, after the expiration of the term, brought an action of covenant against the Halberts, and assigned for a breach of their covenant, that they had not returned to him, but bad wasted and destroyed the pipes, puinp-sheds, and other buildings attached to the salt-making establishment.
The lialberts pleaded covenants performed, with leave to give any matter in evidence which both, or either of them might specially plead in bar of the action.
On the trial of the issue joined on this plea, after Bruce had read in evidence the article of agree *65 atevit on which the action was brought, and the 'leases therein referred to, the circuit court; on the Biotion of the Halberts; instructed thé jury that tile Halberts were not bound by their covenant, to return to Bruce the dwelling houses, pump-sheds, and other things forming part of the fealty, to which Bruce excepted; and the only question presented for the decision of this court, is, whether the circuit court erred in giving this instruction to the jury.
Discussion & constructs cin of tiro words 0f thecovenant.
bound in law Purchaser of a terra for years, is to surrender to the rever-sioner, not the vendor.
anact^aiasi A covenant ought not to be construed 1.3 W.
Bibb and Triplett for plaintiff
We are of opinion that tho court did not err iii thus instructing the jury.
The covenant in relation to the return of property, was evidently intended by the parties to he confined to the personal property furnished by Bruch, and cannot be extended, by any rational principle of construction, to the buildings or other things forming a part of the freehold. Had it been intended to include the buildings and other things belonging to the freehold, the covenant would have required the things in specie to he returned, hut it was not required that the sanie things should be returned, but only that the amount in similar property should be returned, and it would be absurd to apply such a covenant to the real estate. Besides, as Bruce had sold to the Halberts the whole term, with all the improvements on the premises, he had thus parted with all the interest he had in the improvements, and at the expiration of the tejrm they would necessarily revert to the lessor, and not to Bruce.
As the assignees of the term, therefore, the Halberts were hound by law to surrender the possession at the expiration of the lease, to the reversion-er, and a covenant to return the improvementsto Bruce, would have been repugnant to the duty enjoined upon them by law. To extend the covenant, therefore, to the things forming part of the realty, would be giving to the covenant an effect contrary to law, and this ought never to he done by consfruction.
Judgment affirmed with costs.